*691 BACHARACH, J.,
concurring.
I join virtually all of the panel’s well-written, well-analyzed order and judgment. Unlike my esteemed colleagues, however, I would not reach the issue of qualified immunity. Thus, I do not join footnote 6 of the order and judgment.
In that footnote, the majority concludes that the plaintiff failed to satisfy the second prong of qualified immunity. In my view, however, Sheriff McKee did not argue in district court that the plaintiff had failed to satisfy this prong of qualified immunity.[1] Instead, Sheriff McKee argued only the first prong.
This approach would not necessarily preclude Sheriff McKee from seeking affir-mance based on the second prong. Cox v. Glanz, 800 F.3d 1231, 1244-46 & n.7 (10th Cir. 2015). But Sheriff McKee has not raised qualified immunity in our court.
As a result, no one in district court or our court has ever briefed an issue involving the second prong of qualified immunity. And there is no need for-us to raise an issue on the second prong of qualified immunity because the underlying claim otherwise fails as a matter of law. In these circumstances, I would decline to reach the second prong of qualified immunity.

. The majority states that “the Defendants asserted [Sheriff McKee] was entitled to qualified immunity because the law was not clearly established.” Maj. Op. at 681. I respectfully disagree with this characterization.